■ In the Matter of the Claim of EDWARD O'REILLY, Respondent, against JOHN F. TROMMER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from an award of the Workmen's Compensation Board made to claimant for an occupational disease known as Dupuytren's contracture. The appellant employer, John F. Trommer, Inc., was a brewery and employed claimant as a driver and loader for a period of 11 years between June, 1939 and June, 1950. His duties required him, among other things, to handle barrels of beer with the aid of skids, ropes and tongs. The ropes caused considerable friction on the palms of his hands and repeated handling of the barrels also exerted considerable pressure upon his hands. There is medical testimony to indicate that this friction and pressure would cause the disease known as Dupuytren's contracture. In June, 1950 claimant left the appellant employer and went to work for Liebmann Breweries, Inc. For aught that appears in the record the nature of the work which claimant performed for Liebmann was the same as that which he had performed for the appellant employer. On April 5, 1951 claimant consulted a physician about the condition of his hands and this physician found that he was suffering from Dupuytren's contracture in both hands and was partially disabled. On September 10, 1951 claimant filed a claim for compensation against the appellant 'employer for whom he had not worked since June 19, 1950. The board found that claimant was suffering from an occupational disease which was contracted during the period when claimant was employed by the appellant employer John F. Trommer, Inc.; that the disease was contracted within 12 months from the time of the last exposure with that employer and the date of disablement was fixed as of April 4, 1951. The award appears to have been made in violation of section 44 of the Workmen's Compensation Law which provides in part that total compensation shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. This section further provides that if the disease was contracted while such employee was in the employment of a prior employer, the last employer who is made liable for the total compensation may appeal to the board for apportionment. Apparently in this case claimant failed to give a proper notice of claim against Liebmann. This failure however did not justify the board in placing the entire burden on the appellant employer which was only secondarily liable under section 44. There is also a patent error in the board's finding of fact number one which states that claimant on April 4, 1951, the alleged date of disability, was employed by the appellant employer. At that time he was working for Liebmann. Award reversed, with costs to appellants, and matter remitted to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.